August 8, 2024

Emerald City Empire, LLC
2711 E Sahara Ave Las Vegas, NV
℅ Encore CRE - Randel Aleman Sr.
Email Delivery RandelSR@encore.com

RE:     Letter of Intent
        Purchase of Property
        "Lake Front"

Dear Randy,

Pure Development and / or assigns ("Buyer") is prepared to enter into a contract to purchase the above referenced Property on the following terms and conditions:

1.  **Buyer:**                Pure Development and / or assigns

2.  **Purchase Price:**       $4.75 PSF  ($9,046,105.02)

3.  **Buyer Financing:**      Cash

4.  **Property:**             +/- 43.72 Acres – TRIC Parcel Numbers TBD as depicted in Exhibit A. Final Acreage to be determined based on final ALTA survey.

5.  **Title Company:**        First American Title – Las Vegas Office

6.  **Deposit:**              Buyer shall place One Hundred Thousand dollars ($100,000.00) "Earnest Money Deposit" with First American Title – Las Vegas within ten (10) business days after the execution of the Purchase and Sale Agreement (PSA).  The Earnest Money Deposit shall be fully refundable throughout the Due Diligence Period should the Buyer elect to terminate the PSA for any reason.  Upon expiration of the Due Diligence Period, the Earnest Money Deposit shall be made non-refundable.  The Earnest Money Deposit shall be applied to the Purchase Price at Closing.

7.  **Due Diligence Items:**  Within seven (7) days after the execution of the PSA, Seller shall deliver to Buyer disclosures and copies of all documents and materials the Seller is in possession of regarding the subject Property, such as any land surveys, environmental reports, cut and fill or site grading operations or plans, lease agreements, common area expenses, surveys and reports, copy of the preliminary title report (which shall be ordered by Seller), property tax statements, service and maintenance contracts, warranties and construction drawings, if available. Buyer shall have the right to object to any matters of title and survey until the date which is fifteen (15) days prior to the expiration of the Due Diligence Period (as defined below) to provide any objections to title and/or survey.  Sellers shall have ten (10) days to respond to Buyer's objections (if any).

| | |
|---|---|
| 8. Due Diligence Period: | Due Diligence Period shall commence upon buyer receiving seller's disclosures and documents and continue for a period of Ninety (90) days.  Buyer shall have the right to extend the Due Diligence Period for one (1) additional period of thirty (30) days each by providing written notice to Seller and depositing an additional $50,000 for the extension ( "Extension Deposit"). In the event Buyer terminates during the Due Diligence Period (as may be extended in accordance with the above), the Deposit (including the Extension Deposit) shall be returned to Buyer, thus neither Buyer nor Seller will have any further rights or obligations to each other.  Seller shall grant Buyer the right to enter the Property during the escrow period to conduct any and all inspections, as Buyer deems appropriate.  Such inspections shall be at Buyer's sole expense and Buyer shall indemnify and hold harmless Seller in connection with any loss as a result of the inspections. |
| 9. Close of Escrow: | **Close of Escrow to be Thirty (30) days after expiration of Due Diligence Period.** |
| 10. Title & Closing Costs: | Seller shall pay the cost of a standard policy of title insurance (with extended coverage).  Buyer will be responsible for the additional cost of an ALTA policy, if required and any non-standard endorsements for the title policy.  Buyer and Seller shall thereafter split 50/50 all other escrow, and closing costs not otherwise specified herein.  Seller shall be responsible for costs of preparation of the deed and any and all transfer, conveyance, recoupment, rollback or other similar type taxes assessed or to be paid upon the transfer of the Property. Each party shall be solely responsible for their individual cost of legal and advisory counsel. Any other charges shall be split in a way customary for transactions in the local market. |
| 11. Representations and Warranties | Seller and Buyer shall make standard and commercial reasonable representations and warranties to each other to be further set forth in the purchase agreement. |
| 12. Execution of Contract: | Upon acceptance of this Letter of Intent by Seller and Buyer, Buyer will prepare the PSA and make good faith effort to deliver to Seller within ten (10) business days.  Upon delivery of PSA to Seller, both parties shall finalize said agreement and execute within thirty (30) days. |
| 13. Brokerage / Agency | Street Commercial Real Estate, LLC shall exclusively represent Buyer, whose commission shall be paid by Seller at a rate of Three percent (3%) of the purchase price per separate agreement.  Buyer and Seller agree that there are no other brokers involved in this transaction other than Street Commercial Real Estate, LLC (Buyers Representative) and Encore CRE - Randel Aleman SR. (Sellers Representative) |

| 14. Exclusivity | During the period of time between execution of this Letter of Intent and the execution of the Purchase Agreement, Seller shall not engage in any discussions with parties other than Buyer for the sale of the Property. |
| --- | --- |
| 15. Right Of First Refusal | Buyer shall have a right of first refusal on the two additional sites not outlined in red on Exhibit A which total 61.18 acres. As part of this right of first refusal, Buyer will have an additional sixty (60) day Due Diligence Period with closing to be thirty (30) days after such additional sixty (60) days. |
| 16. Acceptance of Offer | Seller shall have until 4:00 PM on August 23, 2024 to accept this letter of intent or this offer shall no longer be valid. |

This letter represents a statement of the parties' general intent only and (other than the provisions of Section 14 above) does not constitute a binding agreement among the parties. Other significant terms remain to be negotiated and the negotiation of those terms may result in changes to the terms set out above. Neither of the parties hereto will have any legal obligation to the other hereunder and all parties shall have the right without prior notice to make and accept other offers and to enter into other agreements with other parties until the purchase agreement has been fully executed.

Regards,

Matthew K Harris
Principal - Broker
Street Commercial Real Estate, LLC

*SIGNATURES ON FOLLOWING PAGE*

Should the Seller accept this Letter of Intent, please sign below:

Seller: _____        Date:  _____

Should the Buyer accept this Letter of Intent, please sign below:
Buyer:

Buyer:

PURE DEVLOPMENT

Adam Seger

_____ 　　　　　Date: ___August 9, 2024_____

# Exhibit "A"

