**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**

PURE DEVELOPMENT, INC., PURE HOLDINGS, INC., AND DREW SANDERS,

        PLAINTIFFS,

v.

CANOPY 5, LLC, CHRIS SEGER, ADAM SEGER, BRIAN PALMER, MAGIC TRIC I, LLC, MAGIC ATX I, LLC, JENNAB, LLC, AND JENNA BARNETT,

        DEFENDANTS.

No. 1:25-CV-01301-SEB-TAB

## DEFENDANTS'[1] RESPONSE TO COURT ORDER AT DOC. 58 REGARDING CONTINUED NEED FOR ABSTENTION IN LIGHT OF SECOND AMENDED COMPLAINT

Defendants' opening abstention motion and reply, Doc. 22 & Doc. 30, demonstrate that the instant motion for preliminary injunction (and this entire lawsuit) will be rendered pointless if and when the Indiana Court of Appeals affirms Judge Dudley's order dissolving the Pure Enterprise and appointing a receiver to wind it up. Nothing about the Second Amended Complaint changes this result.

The only difference between the circumstances before the Court since Defendants first filed their motion to abstain on July 23, 2025 is that the Indiana Court of Appeals' decision is nearer now than it was then. Sanders (Plaintiff here and Appellant there) will finally file his merits brief on September 26, 2025, Ex. A, and Seger (Defendant here and Appellee there) will respond on or before October 27, 2025. The

---

[1] As used herein, "Defendants" refers to the Defendants who have appeared by counsel in this matter at this time. As of this writing, it appears as though three Defendants have not yet been served, and thus they cannot respond to the Court's Order in the instant filing.

Indiana Court of Appeals renders decisions very quickly, with an average disposition time of two months.[2]

Thus, it is reasonable to conclude that the Indiana Court of Appeals will issue its decision later this year or early in 2026. Meanwhile, in this Court, Plaintiffs have agreed that their motion for preliminary injunction will not be fully briefed until December 17, 2025, Doc. 55 at 1, and this Court has ordered that an in person evidentiary hearing will occur at some point thereafter. Doc. 57 at 2. Therefore, barring unforeseen circumstances, it is unlikely that this Court's Order on preliminary injunction will issue prior to the Indiana Court of Appeals' resolution of the issues on appeal.

Rushing to conduct discovery, prepare for depositions, and submit more voluminous briefing on an expedited basis does not make sense with the prospect of the Indiana Court of Appeals' affirmance and consequential mooting of this case looming. The Indiana Court of Appeals' affirmance would mean, for example, that:

- Plaintiffs could no longer attempt to recant their admissions that the Pure Enterprise cannot conduct business, which admissions defeat materially all of their motion for preliminary injunction. Doc. 22-10 at 7 ("[D]issolved companies cannot continue to operate as a going concern—for example, by taking on new business."); see also Doc. 22-11 at 8 n.2 ("[I]t cannot conduct new business."); Doc. 22-2 para. 45 ("[B]ecause the court has dissolved the companies, they are statutorily unable to conduct business other than winding up their affairs.").

---

[2] https://www.in.gov/courts/appeals/about/, archived at https://perma.cc/TRT6-MMQH; *see also* https://www.in.gov/courts/appeals/files/2024-annual-report.pdf, archived at https://perma.cc/B5RG-78GL

- Plaintiffs could no longer seek to ignore or evade Judge Dudley's judicial finding that Defendants did not breach their fiduciary duties, which defeats the state fiduciary duty components of the motion for preliminary injunction. *Seger v. Sanders*, 2025 Ind. Cir. LEXIS 434, *16-17 (Madison Cty., May 12, 2025) ("The Court also rejects as breaches of fiduciary duty Sanders' contentions of Seger creating, marketing, and soliciting Pure Development employee support for his proposed remedy plan of Canopy 5.").

- The receiver would determine who owns the purportedly stolen assets at issue, and, thus, who has standing to decide whether to continue this lawsuit at all.[3] *See generally Seger v. Sanders*, 2025 Ind. Cir. LEXIS 435, *59 (Madison Cty., May 12, 2025) ("The Court determines that equity demands that a receiver b[e] appointed to wind up the affairs, and dispose the assets of, Pure Holdings, Pure Capital, and Pure Development.").

This Court should await the Indiana Court of Appeals' decision before dedicating further judicial resources to this matter, especially given the sequencing issues above.

The cadence of proceedings set by Plaintiffs' actions in this matter have consequences. Under settled legal principles, the "very idea of a preliminary injunction is premised on the need for speedy and urgent action to protect a plaintiff's rights before a case can be resolved on its merits," and "a party's failure to act with speed or urgency in moving for a preliminary injunction necessarily undermines" that motion. *Wreal, Ltd. Liab. Co. v. Amazon.com*, 840 F.3d 1244, 1248 (11th Cir. 2016); *see also, e.g., Taylor v.*

---

[3] This is one of many subject matter jurisdiction issues that plague this lawsuit. There are too many to summarize here. They are discussed in Doc. 35.

*Biglari*, 971 F. Supp. 2d 847, 853 (S.D. Ind. 2013) ("[A] delay in requesting equitable relief is inconsistent with a claim of irreparable injury.").

Here, Plaintiffs became fully aware of the purportedly emergent tortious conduct by Defendants by, at latest, June 11, 2025, Ex. B, and Plaintiffs had documented suspicions of portions of the same on March 25, 2025, and May 16, 2025. Ex. C, Ex. D. They now stipulate that their motion for preliminary injunction to redress these purported emergencies will not even be fully briefed until December 17, 2025, Doc. 55 at 1, a full six to eight months after their discovery. Such delays are routinely found fatal to preliminary injunctive relief. *See, e.g.*, *Stonebridge of Gurnee, LLC v. United States*, No. 20 C 6714, 2021 U.S. Dist. LEXIS 245224, at *24 (N.D. Ill. Dec. 22, 2021); *Ixmation, Inc. v. Switch Bulb Co.*, No. 14-cv-6993, 2014 U.S. Dist. LEXIS 150787, at *26 (N.D. Ill. Oct. 23, 2014); *see also, e.g.*, *Bethune-Cookman v. Dr. Mary McLeod Bethune Nat'l Alumni Ass'n, Inc.*, No. 22-14257, 2023 U.S. App. LEXIS 13260, at *10 (11th Cir. May 30, 2023);*Doe v. Trs. of Dartmouth Coll.*, 597 F. Supp. 3d 511, 515 (D.N.H. 2022); *Channing Bete Co. v. Greenberg*, No. 3:19-cv-30032-MGM, 2021 U.S. Dist. LEXIS 195652, at *22 (D. Mass. July 12, 2021); *Silber v. Barbara's Bakery, Inc.*, 950 F. Supp. 2d 432, 439 (E.D.N.Y. 2013); *Southtech Orthopedics v. Dingus*, 428 F. Supp. 2d 410, 420 (E.D.N.C. 2006).

In the instant motion for stay, however, Defendants are not even going so far as to request that the Court deny the motion for preliminary injunction outright on the basis of delay. Defendants, for now, only request that the Court abstain from ruling on the motion for preliminary injunction in light of the vital and imminent ruling of the Indiana Court of Appeals. Given that Plaintiffs have already undermined the purported urgency

of their injunctive relief (in a manner prohibited by the authorities cited above), there should be no dispute that waiting for the Indiana Court of Appeals is the judicially pragmatic and resourceful approach here.

As to whether the Second Amended Complaint changes the preliminary injunction proceedings, the only pending motion for preliminary injunction is docketed at Doc. 17. After the amendment of the Complaint, Defendants asked Plaintiffs if they will be changing the counts upon which they move for preliminary injunction. Ex. E at 4. Plaintiffs did not answer, and Defendants are unable to guess. Defendants have already fully briefed the reasons why this Court should abstain from ruling on the currently pending motion for preliminary injunction, Doc. 22 & Doc. 30, and nothing about those briefs is changed by the filing of the Second Amended Complaint. In short, the Pure Enterprise is still dissolved and prohibited from competing in the marketplace, Doc. 30 at 2-4, meaning that: nobody knows who owns the purported trade secrets, Pure is not using anything in interstate commerce, Pure has no commercial interest in future sales, and Pure is not engaged in competition. Doc. 30 at 4-6. All of this is fatal to the federal questions of trade secret and Lanham Act. *Id.* As to the state counts, Judge Dudley's Order finding no breach of fiduciary duty remains binding, so there is nothing to adjudicate unless and until that Order is dissolved. Doc. 30 at 7-8. And no state count should be litigated without a basis for federal question jurisdiction. *Id.*

In short, litigating anything in this Court now makes no sense, because the Indiana Court of Appeals' decision draws closer by the day. There is nothing to be gained by leapfrogging the Court of Appeals, because its decision will provide clarity on all issues pending here. The Court should abstain.

Dated: September 22, 2025

*/s/Robert D. MacGill*
Robert D. MacGill (IN 9989-49)
Matthew T. Ciulla (IN 34542-71)
Patrick J. Sanders (IN 36950-29)
Elizabeth L. Merritt (IN 38275-49)
MACGILL PC
156 E. Market St.
Suite 1200
Indianapolis, IN 46204
Telephone:  (317) 721-1253
Robert.MacGill@MacGillLaw.com
Matthew.Ciulla@MacGillLaw.com
Patrick.Sanders@MacGillLaw.com
Elizabeth.Merritt@MacGillLaw.com

Counsel to CANOPY 5, LLC, CHRIS
SEGER, ADAM SEGER, BRIAN
PALMER, and MAGIC TRIC I, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on September 22, 2025 on all counsel of record by virtue of the Court's CM/ECF System.

On that same day, I caused to be mailed by First Class United States Mail, Postage Prepaid, Properly Addressed, to:

MAGIC ATX I, LLC

8153 Morningside Drive, Indianapolis, IN, 46240

JENNAB, LLC

15431 Grassy Meadow Ct, Carmel, IN, 46033

JENNA BARNETT

15431 Grassy Meadow Ct, Carmel, IN, 46033

/s/Matthew T. Ciulla