**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

PURE DEVELOPMENT, INC.,
PURE HOLDINGS, INC.,
and DREW SANDERS,

      Plaintiffs,

  v.

CANOPY 5, LLC, CHRIS SEGER,
ADAM SEGER, BRIAN PALMER,
MAGIC TRIC I, LLC,
MAGIC ATX I, LLC, JENNAB, LLC,
and JENNA BARNETT,

      Defendants.

Case No. 1:25-cv-1301-SEB-TAB

**REPLY IN SUPPORT OF PLAINTIFFS' OBJECTION TO ORDER STAYING
THIS CASE UNDER *COLORADO RIVER* ABSTENTION DOCTRINE**

The order staying this case misunderstood the nature of the state-court dissolution action as an "ownership dispute." From that threshold misunderstanding, the order incorrectly concluded (a) that the pending appeal of the state court's dissolution order would determine the fate of all claims in this case, (b) that *GeLab Cosmetics LLC v. Zhuhai Aobo Cosmetics Co.*, 99 F.4th 424 (7th Cir. 2024), is on point, and (c) that *Colorado River*'s requirement of parallelism is satisfied. That conclusion of law is erroneous.

Defendants' response [Filing No. 99] offers no cogent defense of the stay order's fundamental error. Instead, Defendants ask this Court to "wait and see" whether a hypothetical receiver will pursue Pure Development's claims. But **even if** the Indiana

1

Court of Appeals affirmed the order dissolving Pure Holdings, Inc. and Pure Development, Inc., **even if** a receiver were appointed, and **even if** that hypothetical receiver opted not to pursue Pure Development's claims, those claims would not disappear into the ether. Nothing would preclude Drew Sanders from pursuing those same claims derivatively **in addition to** the claims he is pursuing in his own name (which have also been wrapped up in the stay). Defendants don't contend otherwise.

Rather than confront that reality, Defendants cry "waiver" because the word "derivative" did not appear in earlier briefing. But Sanders argued extensively that Pure Development's claims are and will remain capable of being pursued regardless of the state court proceedings, and that nothing about those proceedings satisfies *Colorado River's* parallelism requirement. Sanders's ability to pursue a derivative claim if later necessary is just another reason why that is true. Sanders has waived no argument.

Defendants have essentially abandoned any defense of the stay order on its own terms. They instead repeat the same defective argument they made below: that Pure Development cannot assert claims because it is dissolved—despite an appellate court order to the contrary and despite the fact that dissolution has no effect whatsoever on a corporation's ownership of, or ability to assert, its claims. The stay should be lifted so that the plaintiffs may protect themselves against the Defendants' continuing misconduct.

1. ***Colorado River*** **requires a threshold legal determination that the state and federal actions are parallel.**

Putting the cart before the horse, Defendants mischaracterize as "controlling" the factors the stay order identified in determining whether "exceptional circumstances" exist to warrant abstention. That contention ignores the **threshold** requirement under *Colorado River*'s two-part analysis—*i.e.*, that the pending state and federal actions are "parallel" such that the resolution of the former will necessarily dispose of all claims in the latter. *Antosh v. Vill. of Mount Pleasant*, 99 F.4th 989, 993 (7th Cir. 2024). "If the proceedings are not parallel, then the *Colorado River* doctrine does not apply and a stay is not proper." *Huon v. Johnson & Bell, Ltd.*, 657 F.3d 641, 646 (7th Cir. 2011) (emphasis added). Contrary to Defendants' assertion [Filing No. 99 at 2], whether state and federal actions are parallel is an issue of law subject to *de novo* review. *AAR Int'l, Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510, 518 (7th Cir. 2001); *Agrolipetsk, LLC v. Seeds*, No. 1:16-cv-03414-SEB-MPB, 2018 WL 4574335, *2 (S.D. Ind. Sept. 25, 2018) (Rule 72(a)'s "contrary to law" standard amounts to *de novo* review).

Because the stay order errs as a matter of law in finding the state and federal actions to be parallel, no "exceptional circumstances" could ever warrant *Colorado River* abstention.

**2.** **The ownership of Pure Holdings and Pure Development is not, and never has been, in dispute.**

Concurrent actions are parallel "when substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Antosh*, 99 F.4th at 994. "The 'critical question' is whether there is a 'substantial likelihood that the state litigation **will dispose of all claims** presented in the federal case.'" *Id.* (quoting *Huon*, 657 F.3d at 646 (emphasis added)).

Defendants have **never** argued that the pending appeal of the dissolution action "will dispose of all claims" in this case. And for good reasons: no claim in this case has been asserted in any other action; no other action involves the operative facts in this case; and nothing about the dissolution action will alter, or have the potential to alter, the ownership of any Pure corporation or its assets—including its claims against Defendants. *See* Ind. Code § 23-1-45-5(b); *In re Hall*, 304 F.3d 743, 748 (7th Cir. 2002) (legal claims are assets).

Even if Pure Development is dissolved and a receiver appointed, Sanders and another shareholder will still own Pure Holdings, Inc., Pure Holdings, Inc. will still the stock of Pure Development, Inc., and Pure Development, Inc. will still own the claims it has asserted in this case. Because the stay order mistook the dissolution action as an "ownership dispute lurking beneath" the claims in this case, it wrongly concluded that resolution of the dissolution action would necessarily resolve who owns Pure Development's claims in this case. That was legal error.

**3.     That Drew Sanders may press the corporation's claims derivatively follows
        from arguments presented and responds to the reasoning of the stay order.**

Even if a hypothetical receiver were appointed to manage Pure Development, Inc.'s

business affairs, and even if that receiver declined to pursue the company's claims, that

wouldn't "dispose" of those claims as required to find concurrent state and federal

actions "parallel." Pure Development, Inc.'s claims against Defendants are assets of the

corporation and will remain so because neither dissolution nor the appointment of a

receiver alters the ownership of a corporation or its assets. *See* Ind. Code § 23-1-45-5(b).

And, if necessary, those claims could be pressed derivatively on the corporation's

behalf. *See Schmidt v. Esquire, Inc.*, 210 F.2d 908, 912–13 (7th Cir. 1954); *Landy v. Fed.

Deposit Ins. Corp.*, 486 F.2d 139, 147 (3d Cir. 1973).

Defendants don't dispute this point but instead mischaracterize it as a "new

argument" not presented earlier. [Filing No. 99 at 3.] Defendants are wrong about that,

but their refusal to address the issue when presented with an opportunity to do so says

enough.[1] Plaintiffs argued extensively that dissolution does not alter the ownership of

the corporation, "transfer title to the corporation's property," or "prevent

commencement of a proceeding by . . . the corporation in its corporate name." Ind.

Code § 23-1-45-5(b). [*See* Filing No. 28 at 11–12; Filing No. 63 at 4.] Dissolution—even if

---

[1]  Citing no authority, Defendants object to arguments against abstention that are
"personal to Drew [Sanders]." [Filing No. 99 at 3.] If for no other reason, this argument
fails because Sanders joined Pure Development in opposing the motion to stay as well
as in seeking a preliminary injunction. [Filing No. 73; Filing No. 63; Filing No. 65.]

affirmed on appeal—would not "dispose of all claims" asserted in this case as required to show the actions are parallel. That Sanders could, if necessary, press the corporation's claims derivatively simply reinforces the point already argued: legal claims are the corporation's property, and an order of dissolution or one appointing a receiver does not change that.

Underscoring Sanders's right as a shareholder to press the corporation's claims if a board of directors (or, in this hypothetical scenario, a receiver) refuses to do so was in direct response to the stay order. No rule of waiver prevents a party from attacking the legal theory upon which a court bases its decision. *Cf. Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*, 782 F.3d 922, 927 (7th Cir. 2015); *Hedge v. Cnty. of Tippecanoe*, 890 F.2d 4, 8 (7th Cir. 1989). Defendants never argued that the dissolution action could "dispose of all claims" asserted in this case; and they cited *GeLab Cosmetics* in passing and only in their reply brief [Filing No. 30 at 4]. Yet the stay order found *GeLab* controlling, mistaking a mere possibility that a hypothetical future receiver might choose not to continue pursuing claims with the legal certainty in *GeLab* that one party's prevailing in an ownership dispute would dispose of the federal claims. Highlighting Sanders's right to bring derivative claims simply underscores the stay order's incorrect reliance on *GeLab*.

**4.   The remainder of Defendants' response ignores the corporate form and wrongly presumes that the Pure corporations remain dissolved.**

The remainder of the response [Filing No. 99 at 7–15] characterizes as "facts" various legal contentions that, according to Defendants, show parallelism. None satisfies *Colorado River's* parallelism requirement.

**a.   Whether some hypothetical receiver or custodian approves of Pure Development's pending claims is irrelevant.**

Defendants take issue with Sanders causing Pure Development, Inc. to pursue its claims in this case. They say he needs approval from some hypothetical, never-appointed receiver. As noted above, the appointment of a receiver (if that ever happens) will not dispose of Pure Development's claims. If the receiver declines to pursue them, then Sanders will have the opportunity to do so himself.

Defendants also claim that the other 50-percent shareholder of Pure Holdings, Inc. "must be consulted and consent to major business decisions" of subsidiary Pure Development and that some hypothetical custodian will wrest control of Pure Holdings, Inc. and Pure Development, Inc. away from Drew Sanders. [Filing No. 99 at 9–10.] Defendants omit that the Indiana Commercial Court sitting in Marion County has already enjoined (quite forcefully) Pure Holdings, Inc.'s other shareholder from interfering in the management of Pure Development, Inc.'s affairs. [Filing No. 28-5.] In any event, neither a dissenting shareholder nor a court-appointed custodian would end Pure Development, Inc.'s legal claims in this case.

**b. Pure Development may take all measures today to protect its property.**

Defendants reason that a hypothetical receiver might someday liquidate or otherwise dispose of Pure Development's assets, including its trade secrets. But, in contrast to Defendants' proposed receiver, Pure Development, Inc.'s property interests are not hypothetical. They exist today, and Pure Development, Inc. has the right to protect them against Defendants' interference.

Defendants cite no authority for their argument, except to direct this Court [Filing No. 99 at 11] to submissions Sanders filed in other proceedings asserting that, because the Commercial Court had ordered the Pure companies dissolved, they would be incapable of doing new business. Defendants ignore that those statements were Sanders's explanation of **why** an emergency stay of the dissolution order was necessary—a stay the Court of Appeals promptly granted. They also ignore that the ability to conduct new business has no bearing on Pure Development, Inc.'s ability to protect its existing property interests.

**c. The Pure corporations remain active and in good standing.**

On June 23, 2025, the Indiana Court of Appeals issued a writ in aid of its jurisdiction and stayed the Indiana Commercial Court's dissolution order. The appellate court's stay order holds the trial court's dissolution order in abeyance. *See State v. Trueblood*, 767 N.E.2d 1011, 1013 (Ind. Ct. App. 2002) (a stay means to hold an order in abeyance to maintain the "status quo," allowing a physician whose medical license was ordered

suspended and then revoked to continue practicing medicine pending judicial review). As a result, no certified order dissolving any of the Pure companies was ever delivered to the Indiana Secretary of State pursuant to Indiana Code § 23-1-47-4(a). And no receiver has ever been appointed to manage the affairs of any of the Pure companies, which remain active and in good standing.

Despite all this, Defendants continue to pedal the false notion that the Pure corporations are dissolved. That is how they purport to attack the merits of Pure Development's claims, arguing that Pure Development lacks "standing" to sue to protect its intellectual property (Counts I–II), its tangible and intangible property (Counts III–VIII), its contract rights (Counts XII–XVII), or to enforce the fiduciary duties owed to the corporation (Counts XVIII, XX–XXII). [Filing No. 99 at 11–13.] If Defendants were correct, that would render the appellate court's stay order meaningless and accomplish a result that the dissolution statutes expressly contradict.

Of course, they're not correct; the dissolution order remains stayed, the Pure corporations remain active and in good standing, and dissolution does not affect a corporation's property rights or its ability to assert claims. Ind. Code §§ 23-1-45-5(b).

### d. No facts or claims alleged in this case were adjudicated in the dissolution action.

Defendants accuse Plaintiffs of collaterally attacking the dissolution order through their claims for breach of fiduciary duty in this case. Defendants ignore that the claims in this case concern conduct occurring, or discovered, after the trial in the dissolution

action and specifically **not** adjudicated in that case. [Filing No. 54-2 at 7, ¶38.]

Defendants also wrongly suggest that Judge Dudley's ruling on the propriety of Chris Seger **preparing to compete** somehow prospectively absolved him of liability for actually competing with Pure Development while still a fiduciary and as to matters which, **even after he left the corporation,** he still owed fiduciary obligations. *See Abdalla v. Qadorh-Zidan*, 913 N.E.2d 280, 286 (Ind. Ct. App. 2009) (fiduciaries continue to owe duties after the fiduciary relationship ends if the issue concerns "transactions that occurred before the termination of the parties' fiduciary relationship"). Nothing in Judge Dudley's order bars any claims asserted in this case.

## Conclusion

The Court should sustain Plaintiffs' objections to the abstention Order and lift the stay.

Respectfully submitted,

/s/ *B. Too Keller*      /s/ *Michael R. Limrick*

B. Too Keller        Andrew W. Hull
Keller Macaluso LLC     Michael R. Limrick
760 3rd Avenue SW, Suite 210  Christopher D. Wagner
Carmel, IN 46032       Megan M. Riley
317-660-3402        Hoover Hull Turner LLP
too@kellermacaluso.com    111 Monument Circle, Suite 4400
             Indianapolis, IN 46204
*Counsel for Pure Holdings, Inc.*  317-822-4400
*and Pure Development, Inc.*   awhull@hooverhullturner.com
             mlimrick@hooverhullturner.com
             cwagner@hooverhullturner.com
             mriley@hooverhullturner.com

*Counsel for Drew Sanders,*
*Pure Holdings, Inc.,*
*and Pure Development, Inc.*